M. RUSH WARNER, RESPONDENT, v. UNITED STATES MUTUAL ACCIDENT ASSOCIATION, APPELLANT.

APPEAL.—EVIDENCE.—JUDGMENT AGAINST EVIDENCE.—Where the record upon appeal does not show the whole of the evidence given at the trial, it will be presumed upon appeal that every fact necessary to support the judgment was proved at the trial.

ID.—SPECIAL VERDICT.—GENERAL VERDICT.—Where the special verdict is susceptible of two constructions, one of which supports the general verdict and the other of which does not, that construction will be given to the special verdict upon appeal, which sustains the general verdict.

ID.—ID.—ACCIDENT.—PRESUMPTION.—Where the special verdict recites that the death was caused by a gun-shot wound, but that the jury do not know whether the wound was caused by the deceased or by an assassin or burglar, where the jury were instructed, in an action upon a life insurance policy, which permitted a recovery for death by external, violent and accidental means, that plaintiff, who was decedent's administrator, could not recover if deceased committed suicide or came to his death by any other than accidental means; *held* that the special verdict was consistent with a death by accident from a weapon in the hands either of deceased or some one else.

APPEAL from a judgment of the district court of the third district and from an order refusing to enter judgment in favor of the defendants.

The record in this cause came up without a motion being made for a new trial. Judgment was entered on the 28th day of April, 1892, and a bill of exceptions was filed on the —— day of July, 1892, and a notice of appeal on the 6th day of August, 1892. The record showed the

complaint wherein the policy of insurance was pleaded *in hæc verba.* The answer denied that the death was accidental, but averred that it was suicidal. As affirmative defense the answer alleged that the death was suicidal, and that even if the death was accidental it was the result of gross carelessness on the part of the deceased, and that the death was caused by the contributory negligence of the deceased, and that such facts were pleaded "by way of estoppel and as reasons why the plaintiff should not recover." The general and special verdicts then followed in the record, next the motion of defendant for judgment on the special verdict. Then the judgment followed and then the bill of exceptions, which contained only the requests for instructions and the charge of the court as given; then followed the notice of appeal.

The requests of defendant for instructions were as follows:

(1) The plaintiff brings this suit on a policy, which has been introduced in evidence, to recover of the defendant the sum of five thousand dollars. The policy is issued in favor of J. Harley Warner, and by the terms of the policy, the defendant agrees to pay five thousand dollars to said J. Harley Warner, or his survivor, or in the event of his prior death, if death result from external, violent and accidental injuries alone in ninety days. Plaintiff in his complaint claims, that on or about March 5, 1891, and while the policy was in force, the assured J. Harley Warner, was accidentally shot and killed. This allegation of the complaint is denied by the defendant and the further defense is made, that the death of the assured was suicidal or the result of his own carelessness and negligence. The burden of proof is on the plaintiff, and before he can recover, he must establish by a fair preponderance of the evidence, that the death of J. Harley Warner was caused and produced by external, violent and accidental means. In this connection you are instructed that death by accidental means is death from an unexpected event which happens

by chance, or which does not take place in the usual course of things.

(2) The burden of proof is on the plaintiff and before he can recover, he must satisfy you by a fair preponderance of the evidence, in addition to the matters set forth in the first instruction, that the death of J. Harley Warner was not suicidal or self inflicted, nor the result of his own carelessness, that immediate notice of such injury and death was given to the defendant, and with such notice a written statement giving full particulars of such injury, that the plaintiff is the duly appointed administrator of the estate of the said J. Harley Warner, and if he has failed to so establish by a fair preponderance of the evidence, each of the foregoing facts, then your verdict must be for the defendant.

(3) You are the sole judges of the credibility of the witnesses and the weight to be given to their testimony, and in judging of the weight to be given to the testimony, you are authorized, and it is your duty to take into consideration the manner in which the witnesses testify, the character of his or her testimony, by the evidence, if any, affecting his character for truth, honesty or integrity, or his or her motives, contradictory statements, if any, made by the witnesses, the means of knowledge concerning the facts of which the witness testifies, the candor or want of candor of the witness, the harmony of the testimony of the witness with human reason and experience, or facts known to exist, the opportunities of the witness to know the facts about which he testifies, the interest or want of interest which the witness has in the result of the suit, the deportment of the witness while on the stand, and from all these facts and circumstances, aided by the light of reason and experience, give to the testimony of each witness such weight as you think it justly entitled to and no more, and you may disregard entirely the evi-

dence of any witness, whom you believe to have testified falsely as to any material matter.

The court refused to give each and every of these requests, but gave a charge, the following portions of which were objected to by the defendant:

(1) The plaintiff in this case sues as administrator of the estate of J. Harley Warner, deceased, to recover the amount alleged to be due plaintiff as such administrator, on a policy of insurance for $5,000, issued by the defendant to the said decedent in his life time. The complaint avers that the policy was in full force on the 5th day of March, 1891, all premiums and charges having been duly paid, and that on that day the said J. Harley Warner received a personal bodily injury through external, violent and accidental means, to-wit, a wound in the left breast by the discharge of a gun or pistol which then and there caused his death. That the plaintiff is the administrator of the estate of said decedent. That the said decedent during his life performed all the conditions of said policy of insurance on his part, and that the plaintiff has, as administrator, performed all the conditions of said policy to be performed on his part, and that he notified the defendant of the death of said decedent in writing immediately after such death, and that within six months prior to the commencement of this action he furnished the defendant affidavits and positive proof of said death and that the said policy nor any part thereof has not been paid by said defendant.

(6) If you find from the evidence that the said J. Harley Warner came to his death by means of a pistol or gun-shot wound, then his death was caused by external and violent means, within the meaning of the terms of the policy sued on, and it will only remain for you to determine from the evidence, whether or not the death of the decedent was accidental, and if you also find that it was accidental your verdict should be in favor of the

plaintiff, but if you fail to so find, your verdict should be in favor of the defendant.

(7) If you find from the evidence that the decedent came to his death by means of a pistol or gun-shot wound and the evidence fails to disclose how, or by whom the fatal shot was fired, the law raises no presumption that it was fired by a murderer or assassin, nor that it was fired by the decedent with the intent to take his own life, but the presumption of the law would be that the fatal shot was accidentally fired and the plaintiff would be entiled to recover.

(8) If you find from the evidence, by a preponderance thereof, that the decedent, at or about the time alleged in the complaint, came to his death by means of a pistol or gun-shot wound, fired by some person other than the decedent himself, then his death was caused, not only by external and violent, but by accidental means, within the meaning of the policy sued on, and your verdict should be for the plaintiff.

(9) It is claimed by the defendant that the decedent came to his death by means of a pistol or gun-shot wound inflicted by himself with the intention of taking his own life, and as to this issue the burden of proof is upon the defendant, and if the defendant has satisfied you by a fair preponderance of the evidence that the decedent willfully took his own life, or if, from the evidence introduced by the defendant, together with that introduced by the plaintiff, you are satisfied the decedent willfully took his own life, then the plaintiff cannot recover and your verdict should be in favor of the defendant.

(12) You are the judges, gentlemen of the jury, of the credibility of the witnesses and the weight to be given to their testimony, and in judging the weight to be given to the testimony you are authorized, and it is your duty, to take into consideration the manner in which the witnesses testified, the character of his or her testimony, by

the evidence, if any, affecting his character for truth, honesty and integrity, his or her method; contradictory statements, if any, made by the witnesses; the means of knowledge concerning the facts of which the witness testified; the candor or the want of candor of the witnesses; the harmony of the testimony of the witnesses with human reason and experience of facts known to exist; the opportunities of the witnesses to know the facts to which he testifies; the interest or want of interest which any witness has in the result of the suit; the deportment of the witness while on the witness stand; and from all of these facts and circumstances, aided by the light of reason and experience, give to the testimony of each witness such weight as you think it is justly entitled to but no more. If you believe that any witness has knowingly and willfully testified falsely to any material matter, then you are authorized, but not required to disregard the entire evidence of such witness, except he or she be corroborated by other competent testimony.

(15) You are instructed that a bullet from a gun or pistol wounding and penetrating the body of the injured man, would be a violent and external injury, within the meaning of the policy sued on, and which, if it alone caused the death of the insured within ninety days of its infliction, and if it were also inflicted by accidental means, would make the defendant liable to pay the estate or survivors of the deceased, the sum of five thousand dollars.

(16) The defendant in this case sets up the defense that the deceased committed suicide, and for this reason the defendant, according to the terms of the policy, is not liable. If the deceased did commit suicide, the plaintiff cannot recover, but you are instructed that self-destruction cannot be presumed. So strong is the instinctive love of life in the human breast, and so uniform are the efforts of men to preserve their existence that suicide cannot be presumed. The plaintiff is therefore entitled to

recover, unless the defendant has, by competent evidence, overcome this presumption and satisfied you by a preponderance of the evidence that the injuries which caused the death of the insured, if such injuries did cause his death, were intentional on his part. In other words, the defendant must prove to your satisfaction by a preponderance of the evidence that the insured committed suicide or your verdict must be for the plaintiff.

(17) You are further instructed that if the insured was shot to death by an assassin (if he was shot at all) such killing would be accidental in so far as the insured is concerned, and in such case the death would be occasioned by external, violent and accidental means within the meaning of the policy sued on, and the defendant would be liable to pay the amount for which it insured the deceased. And likewise, if the deceased was killed by the accidental discharge of a pistol in his own hands, it would be a death occasioned by external, violent and accidental means, within the meaning of the policy and the defendant would be liable to pay the amount for which it insured the deceased.

*Messrs. Baldwin and Tatlock,* for the appellant.

*Messrs. Powers and Hiles,* for the respondent.

MINER, J.:

This action was brought to recover $5,000 on a policy of insurance issued by the defendant to J. Harley Warner. By the terms of the policy the defendant agreed to pay $5,000 to Warner, or his survivor, if death result from external, violent, and accidental means, but does not extend to cover accidental injuries or death resulting from fighting, suicide, felonious or otherwise, sane or insane. The plaintiff, in his complaint, claims that on March 5, 1891, while this policy was in force, the assured was accidentally shot and killed, the ball passing through

his body in the region of the heart. This allegation in the complaint is denied by the defendant, and the further defense is made that the death of the assured was suicidal, or the result of his own carelessness and negligence. The jury rendered a verdict for the plaintiff for the sum of $5,000 and interest, and at the same time returned into court their special findings, as follows:

"(1) Was the death of J. Harley Warner caused and produced on or about March 5, 1891, by a bullet penetrating the heart of the said J. Harley Warner, deceased? Answer. Yes; that is, the region of the heart. (2) Do you find from the evidence that the death of the said J. Harley Warner was caused or produced by a gun-shot wound? A. Yes. (3) Was the wound found in the region of the left nipple of the said J. Harley Warner produced by a pistol fired by the said J. Harley Warner? A. Don't know. (4) Do you find from the evidence that J. Harley Warner was shot on or about March 5, 1891, by an assassin or burglar? A. Don't know. (5) Do you find from the evidence that J. Harley Warner was of a cheerful and buoyant disposition, and in good health, physically and mentally, just prior to March 5, 1891? A. Yes, as to disposition. Don't know as to health. (6) Do you find from the evidence that J. Harley Warner had been afflicted by a disease called 'la grippe' and neuralgia just shortly before his death? A. Yes, slightly; a week or ten days before his death. (7) Had not J. Harley Warner been taking medicine and narcotics shortly before his death? A. Yes, a few days before his death. Don't know as to narcotics. (8) Do you find from the evidence that any effort was made by the heirs of J. Harley Warner, or any of them, to conceal or suppress the facts connected with his death? A. No."

And thereupon the defendant moved for judgment in his favor on such special findings, claiming "(1) that special findings of fact numbered 3 and 4, which special

findings are part of the record, and are made part of this motion, are and each of them is inconsistent with the general verdict; (2) the general verdict is contrary to the special findings in the said cause, and is not supported thereby." Which said motion of the defendant the court on the 28th day of April, 1891, overruled, and entered judgment on the general verdict in favor of the plaintiff and against the defendant for the sum of $5,323.33, and for the cost of the said suit, to which defendant duly excepted.

The testimony taken on the trial of this case is not embraced in the record here, hence we do not know whether the allegations of the complaint were sustained by proof or not. The presumption in such case is that every fact necessary to sustain the allegations of the complaint and to justify the verdict of the jury was proved on the trial. Resting upon this presumption, we shall not consider any matter embraced in the exceptions, except the question as to whether the general verdict of the jury is consistent with their special findings and those arising upon the charge of the court. The two principal facts to be established by the plaintiff were external violence and accidental means causing death. As we have seen, the verdict of the jury, in the absence of any testimony in the record, is conclusive upon this question. It cannot be presumed as a matter of law that the accused took his own life, or that he was murdered; the presumption of law is against either murder or suicide. *Insurance Co.* v. *McConkey,* 127 U. S. 661, 8 Sup. Ct. Rep. 1360; *Richards* v. *Insurance Co.,* 89 Cal. 173, 26 Pac. Rep. 762; *Utter* v. *Insurance Co.,* 65 Mich. 545, 32 N. W. Rep. 812. By the general verdict and special findings Nos. 1 and 2 it appears that Warner's death was caused by a bullet from a gun penetrating the heart. These findings establish the fact that death was caused by external violence within the meaning of the policy.

The next inquiry is as to whether the death was accidental or intentional. If the deceased was killed by the accidental discharge of a gun in his own hands, it was accidental, within the meaning of the policy. If he committed suicide, the plaintiff cannot recover in this action, as under the terms of the policy it did not extend to cover self-destruction, whether the insured was sane or insane. Nor does this policy contain the clause retained in some policies, and referred to in *Insurance Co.* v. *McConkey, supra,* that no claim shall be made under it where the death of the insured was caused by intentional injuries inflicted by the insured or any other person. Therefore, if the deceased came to his death by a gun-shot wound inflicted by an assassin or burglar, it must be deemed accidental to the deceased within the meaning of the policy, and under the presumptions spoken of. The jury do find in the third and fourth special findings that they "don't know" whether the wound found on Warner's body was produced by a pistol fired by Warner, nor whether the shot was fired by an assassin or burglar. The defendant claims that the findings are inconsistent with the general verdict, but we cannot concur in this view. The jury find that death was produced by a gun-shot wound; the presumption of law is that Warner did not suicide, and was not murdered. No testimony is presented in the record of any kind to rebut these presumptions. The fact must stand admitted that Warner came to his death by external violence and accidental means. With these facts admitted, how does it matter whether a burglar or assassin shot him, or whether he shot himself?

The third question answered by the jury does not embrace the question as to whether Warner fired the shot with suicidal intent or not, so that an answer in the affirmative to the question propounded would not have shown any suicidal purpose on the part of Warner, nor would such answer have been inconsistent with the general verdict.

The jury were instructed by the court that if the deceased committed suicide the plaintiff could not recover. They were also instructed that before the plaintiff could recover, the jury must he satisfied by a fair preponderance of evidence that the deceased came to his death by external, violent, and accidental means, and that his death was accidental; and upon the issue thus presented the jury found against the defendant in their general verdict. The most that can be claimed from the answers to the third and fourth special findings is that the jury could not determine, from the evidence submitted to them, whether Warner came to his death from an accidental discharge of the pistol in his own hands, or whether he was shot by an assassin or burglar. Now, if these findings were fairly open to a double construction, the general rule is held to be that, where special findings are fairly susceptible of two constructions, the one upholding, and the other overruling, the general verdict, that construction will be adopted which upholds the general verdict. *Larkin* v. *Upton,* 144 U. S. 19, 12 Sup. Ct. Rep. 614. So in *Mallory* v. *Insurance Co.,* 47 N. Y. 54, it is held that where, from the facts of the case, it appeared that a violent death was either the result of accidental injury or of suicidal act of deceased, the presumption of law is against the latter, and upon that ground a verdict for the plaintiff was sustained. So, where the evidence leaves it in doubt as to whether the death of an insured was caused by a fall or by a blow struck by a third person; yet in either case the death is caused by "accidental means," within the general terms of a policy providing against injuries or death caused "through external, violent, or accidental means." *Richards* v. *Insurance Co.,* 89 Cal. 170, 26 Pac. Rep. 762; *Utter* v. *Insurance Co.,* 65 Mich. 545, 32. N. W. Rep. 812.

Exceptions are taken to the several instructions given by the court to the jury and numbered 1, 6, 7, 8, 9, 12, 15, 16, and 17, respectively, and to the refusal of the

court to charge as requested by the defendant. We have given these matters careful attention, and find that the court fairly covered all the questions presented by the pleadings in this case, and presented the law of the case fairly to the jury. Upon the whole record as presented we find no error. The judgment of the court below is affirmed, with costs.

ZANE, C. J., and BLACKBURN, J., concurred.