NATIONAL LIFE INS. CO. v. PATRICK

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7511. Decided Dec. 5, 1927.

Syllabus by Editorial Staff.

16. ACCIDENT INSURANCE.
1. Freezing of fingers, while unloading coal, held to be injury resulting from accidental means.
2. Provision, in total disability clause, that injuries must be such that they required and received, at least once in seven days, attendance of legally qualified physician or surgeon, and that no liability otherwise, held unreasonable.

Error to Common Pleas.

Judgment affirmed.

H. E. Elliott, Cleveland, for Life Ins. Co.
S. B. Fitzsimmons, Cleveland, for Patrick.

STATEMENT OF FACTS.

George Patrick, plaintiff in the court below, had a policy of insurance in the defendant company, and while working for the Albright Coal Co., hauling coal, and while attempting to make delivery of the same, the wagon wheels sank into the mud, as the ground was not sufficiently frozen, although there was a blizzard and the weather was cold, to support the wheels on the surface. He proceeded to unload two tons of coal, consuming about an hour and a half, and discovered, as the unloading was about completed, that the fingers of one of his hands were frozen stiff. Thereupon, he went into a store and had them treated by the administering of coal oil. Sometime later, parts of all of his fingers and thumb of the right hand, and parts of all of his fingers on the left hand, excepting the thumb, were amputated by a surgeon, by reason of their freezing while doing the work herein noted.

The final proofs of claim were dated April 8, 1924, and on April 4th was given as the date of the last treatment by the surgeon, although it appears that a nurse gave some electrical treatment up as late as April 17th, and also on May 17th. There was no further proof of claim filed after April 8, 1924.

This suit is based upon a claim for compensation, under the policy, for the month of June, 1924, and subsequent months.

The plaintiff rested after establishing the above facts. The defendant then moved for a directed verdict in favor of the defendant, and this motion was overruled, whereupon the court, on its own motion, directed a verdict in favor of the plaintiff for $385, which was the amount claimed in the petition.

OPINION OF COURT.

The following is taken, verbatim, from the opinion.

SULLIVAN, PJ.

Error is charged because of the directing of this verdict, and two reasons are given.

First: that the facts do not establish an accidental freezing.

Second: that under paragraph A of the policy and the admitted facts, no liability arises Paragraph A is as folows:

"TOTAL ACCIDENT DISABILITY—A"

"At the rate of $35 per month for the period not exceeding five consecutive years, that bodily injuries effected during the life of this policy, solely through external, violent and accidental means, shall, directly and independently of all other causes, wholly and continuously, from date of accident, disable and prevent the insured from performing every duty pertaining to his business or occupation and require and receive at least once in each seven days the attendance of a legally qualified physician or surgeon, but shall not result in any of the losses mentioned in paragraph "C."

The first claim is that the freezing of the fingers was not accidental. This court has heretofore defined what an accident was under the terms of an insurance policy, and it again cites the following cases: Burkhard v. Travelers' Ins. Co. 102 Pa. 262, 48 Am. Rep. 205; N. A. Life & Acc. Ins. Co. v. Burroughs, 69 Pa. (19 P. F. Smith) 43, 8 Am. Rep. 212; Aetna

Life Ins. Co. v. Vandecar, 86 Fed. 282, 30 C. C. A. 48; Richards v. Travelers' Ins. Co., 26 Pac. 762; Williams v. United States Mut. Acc. Assn., 14 N. Y. Supp. 728.

It is our holding that, under the facts in the case, the injury was due to accidental means, and the basis of our finding are the above authorities. Had the plaintiff's fingers come in contact with a hot iron without any volition and in an unusal and unexpected manner, there would be no question but what the injury resulted from accidental means. There is no evidence that he was reckless in caring for himself as much as possible while he was performing his work in freezing cold weather. Hence, we think, under the record, that the injury resulted from accidental means. It further appears, referring again to paragraph A of the policy, that the result of the accident disabled and prevented the insured from performing every duty pertaining to his business or occupation, which was that of a driver of a coal wagon and a heaver of coal.

It is claimed, however, that inasmuch as under paragraph A the injuries must be such that they required and received, at least once in each seven days, the attendance of a legally qualified physician or surgeon, that there is no liability and can be no recovery, because the evidence is silent as to that part of paragraph A just quoted, but under the record, however, it appears that when the fingers of the hands healed, there was no necessity for surgical attention every seven days. This clause is unreasonable because his recovery would depend, after the loss of his fingers, which disabled and prevented him from following his calling, upon his requiring and receiving surgical attendance every seven days when it was not necessary.

Referring again to the question as to whether the injury was caused by accident, we add that unquestionably all cases of freezing are not necessarily accidents. If the insured had imperiled himself in weather that was unusually cold or extremely severe and to the extent that its severity would be sufficient notice of its danger, then it might be said, and could be said with reason that the injury was not caused by an accident, but there is no such situation appearing in the present record, and it would be absurd so to claim, as one of the reasons that the wheel of the wagon sunk was because of the unfrozen condition of the highway.

The judgment of the lower court is hereby affirmed.

(Levine and Vickery, JJ., concur.)