## SEABOARD LIFE INS. CO. v. MURPHY.

### No. 3579.

Court of Civil Appeals of Texas. El Paso.

Dec. 30, 1937.

Rehearing Denied Jan. 13, 1938.

Guinn & Guinn, of Rusk, and Andrews, Kelley, Kurth & Campbell, of Houston, for appellant.

W. H. Shook and Smithdeal, Shook & Lefkowitz, all of Dallas, and Norman & Norman, of Rusk, for appellee.

WALTHALL, Justice.

This suit was brought by Viola Murphy, as plaintiff, against Seaboard Life Insurance Company, as defendant, to recover upon a life insurance policy, No. 4617, and particularly upon that part of the policy designated as "Supplementary Agreement for Accidental Death Benefit," and supplementary to and forming a part of said policy No. 4617, and issued by defendant insurance company on the life of Charles Calvin Murphy. Referring herein to only that part of the supplementary agreement in controversy here, the policy recites that defendant insurance company agrees, on proof of "death of the insured which resulted directly, independently and exclusively of all other causes from bodily injuries sustained solely through external, violent and accidental means, and that the death occurred within ninety days of the accident, then the Company agrees to pay an additional amount of insurance ($3000.00) equal to the face amount of above numbered policy, making in all Six Thousand Dollars." Plaintiff also sues for the penalty and a reasonable attorney's fee, and interest.

The company paid the $3,000 straight life, but denied liability for the $3,000 additional accidental death benefits, on the ground that the circumstances shown by the evidence under which Charles Calvin Murphy died does not show liability of defendant under the terms of the policy.

The trial court heard the evidence, and in the judgment recites that he finds that

plaintiff is entitled to judgment against defendant for the principal sum of $3,000, the 12 per cent. penalty, and a reasonable attorney's fee, stating the amount, and interest, and so entered judgment.

At the request of plaintiff the court made and filed findings of fact and conclusions of law.

Defendant duly prosecutes this appeal.

### Opinion.

We will designate the parties, respectively, as plaintiff and defendant, as in the pleadings.

Defendant submits that the evidence does not show that the death of the insured, Charles Calvin Murphy, resulted directly, independently, and exclusively of all other causes from bodily injuries sustained solely through external, violent, and accidental means, as provided in the supplementary agreement for accidental death benefits, and for that reason the judgment was error, and should have been for defendant. The evidence shows without controversy that Charles Calvin Murphy's death resulted from a personal conflict or affray between him and W. O. Farrish.

We have studied the evidence carefully, and, while there is some conflict in the evidence, we have concluded that it is sufficient to sustain the court's findings on the matter presented in the proposition, and which findings are as follows:

"3. I find that neither Charles Calvin Murphy nor W. O. Farrish knew the other and that they were strangers at the time of the accident, which resulted in the death of the said Murphy, and that upon that occasion the following occurred: Murphy and one Murphy Acrey were sitting in the courtroom engaged in a conversation with respect to proceedings in the trial of a case. Farrish overheard this conversation and thought that it was intended to apply to him. He touched C. C. Murphy and requested him to come out of the courtroom, with which request Murphy complied, not knowing Farrish's purpose. I find that after they had gone out of the courtroom and were in the hallway, which has a concrete floor, and were near the entrance of the sheriff's office, Farrish stopped, turned, and pointing a finger in Murphy's face, made the statement that anybody who called him a stool-pigeon was a liar. I find that Murphy made no demon-

stration or effort to strike Farrish; but Farrish, thinking Murphy was about to strike him, assumed an attitude of defense, as did Murphy, and Farrish, thinking that Murphy was going to strike him, struck or struck at Murphy, and they engaged in a fist fight.

"4. I find that Murphy neither provoked nor intended to provoke a difficulty with Farrish; that neither of them was armed, except that Farrish had a blackjack, but that he did not strike Murphy with a blackjack, but merely struck him with his fist. I find that in striking Murphy, Farrish acted upon what appeared to him to be his proper self-defense, as he thought Murphy was going to assault him with his fists. I further find that Murphy had no intention of assaulting Farrish, that he did not intend to provoke Farrish into assaulting him, and that the said Murphy acted upon what appeared to him to be an unlawful assault upon him by Farrish. I find that the blow or blows which were struck Murphy by Farrish were not the proximate cause of Murphy's death. Murphy did not know or have any reason to believe that Farrish was armed or had the blackjack.

"5. I find that Murphy fell and hit his head on the concrete floor, and that the striking of his head on the concrete floor was the sole proximate cause of his death.

"6. * * * that his death did not result from homicide; that his death did not result directly or indirectly from bodily or mental infirmity. * * *"

"11. I find that W. O. Farrish neither intended nor expected to inflict any serious bodily injury upon Charles Calvin Murphy or to cause his death, * * *.

"12. I find that Charles Calvin Murphy neither intended to nor did any unlawful act calculated to provoke difficulty with W. O. Farrish. * * *

"13. I find that Murphy's falling and striking his head on the concrete floor produced his death, and that the same was a new and independent cause, and that same was the sole proximate cause of his death.

"14. I find that Farrish neither intended nor expected to cause Murphy's death or any serious injury, and that he did not use any means reasonably calculated to bring about the death or serious injury of Murphy, and as to the said Farrish the

death of Murphy was neither anticipated nor expected, and could not have been foreseen by him as a result of anything he did or intended to do, and that as to Farrish, Murphy's death was an accident.

"15. I find that Murphy neither did nor intended to do anything to provoke or cause Farrish to strike him, and that his act in so doing was not anticipated or expected by Murphy; that Murphy did nothing unlawful in connection with the transaction and that Farrish's act in striking him, as well as his fall and the striking of his head on the concrete floor was wholly unexpected and unanticipated and should not have been foreseen, and as to Murphy, both his fall and death were accidental.

"16. I find that each of the following events: Murphy's fall, the striking of his head on the concrete floor, the fracturing of his skull, and his death, was not expected by either Farrish or Murphy, and neither of such happenings or events could have been expected, anticipated or foreseen by either of them, in the light of common experience, under the attending and existing circumstances; that each of said events and happenings and the result thereof were unexpected, and not according to the usual course of events, and each of them occurred without intention on the part of Farrish or Murphy. That Murphy did not make nor did he intend to make an assault on Farrish, and did not intend to nor did he say anything to Farrish which he knew, thought or anticipated would cause Farrish to strike, assault or kill him."

The facts having been established by the trial court's findings, the question presented then becomes one of law as to defendant's liability under the supplementary agreement accident death benefit part of the policy.

After stating the conflict between Murphy and Farrish, and the details of the conflict both mental and physical of each, the court found that Farrish "struck or struck at Murphy and they engaged in a fist fight." We understand from the findings and from the evidence that during the personal conflict, and as a result of the conflict, Murphy fell on the concrete floor.. The court then finds: "That Murphy's falling and striking his head on the concrete floor produced his death," and that the same (his falling on the con-

crete floor, thus fracturing his skull) "was the sole proximate cause of his death," thus negativing all other causes of his death.

The above findings of the court sufficiently show the immediate cause of Murphy's death.

Other facts than the above are necessary in determining the question whether the injury to Murphy resulted directly, independently, and exclusively of all other causes, in considering whether the cause of Murphy's death was an accident for which defendant was liable under its policy.

The court's findings show that Murphy was innocent of any aggression or wrongdoing that brought about the encounter with Farrish; that in engaging in the conflict he could not reasonably anticipate bodily injury resulting in death to himself at the hands of Farrish, or that he would probably fall on the concrete floor, and that thereby his head would "strike the concrete floor and his skull be fractured."

What is the rule as to liability of defendant insurer under its policy and under such circumstances?

■ Accident, as used in the policy, we think, must be considered according to the general acceptation and use of the term. As said by the Supreme Court in Hutcherson v. Sovereign Camp, W. O. W., 112 Tex. 551, 251 S.W. 491, 493, 28 A.L.R. 823: "When so considered, it means the happening of an event not to be expected or anticipated in the light of common experience and of the existing circumstances. When used in an insurance contract, it means the happening of an event, unexpectedly taking place, and not according to the usual course of things, or not as expected; the happening of an unusual event, if caused through human agency, occurring without intention on the part of the person affected by such event. Corpus Juris, Vol. 1. pp. 425, 426; Bryant v. Continental Casualty Co., 107 Tex. 582, 182 S.W. 673, L.R.A.1916E, 945, Ann.Cas. 1918A, 517."

In Richards v. Travelers' Ins. Co., 89 Cal. 170, 26 P. 762, 23 Am.St.Rep. 455, it is held that where the death was caused by a blow, but it was not intended to produce death, the death was by accidental means, and was not avoided under the clause excepting a death by design.

The case of Occidental Life Ins. Co. v. Holcomb, 5 Cir., 10 F.2d 125, 127 (cited by defendant), states the rule: "Where the insured is innocent of aggression or wrongdoing, and is killed in an encounter with another, his death is considered accidental, within the meaning of the usual accident policy. Interstate Business Men's Ass'n v. Lester, 257 F. 225, 168 C.C.A. 309. And even where the insured is the aggressor, if he could not reasonably anticipate bodily injury resulting in death to himself at the hands of another, the beneficiary may recover. Employers' Indemnity Corporation v. Grant (C.C.A.) 271 F. 136, 20 A.L.R. 1118."

To the same effect as the above is the case of Missouri Life Ins. Co. v. Roper, 5 Cir., 44 F.2d 897. In Mutual Life Ins. Co. of New York v. Sargent, 5 Cir., 51 F.2d 4, 5, where the insurance policy provided indemnity for death effected solely through external, violent, and accidental means, Judge Hutcheson, in an Alabama case, says: "That death is none the less accidental, within the terms of a policy like the one in suit, because of the fact that it results from the intentional act of another, if the insured is innocent of aggression or wrongdoing, or even if he is the aggressor, if he could not reasonably anticipate bodily injury resulting in death to himself at the hands of another. * * * If, however, defendant makes proof that the death occurred as the result of an affray or an encounter, then it is incumbent upon the deceased to take initiative again and show by other evidence that the death was accidental. Smith v. New York Life Ins. Co. (C.C.A.) 31 F.2d 281. And this can be accomplished by showing that the insured was not the aggressor or if he was the aggressor, that he could not in the circumstances reasonably have anticipated that he would be killed."

It seems to be the well-established rule of the text-writers, as well as the courts, that where the insured is intentionally injured or killed by another, and the injury or death is not the result of misconduct, provocation, or an assault by the insured, but is unforeseen in so far as he is concerned, and occurs without his agency, the injury or death is an accident or accidental, or by accidental means, within the meaning of accidental insurance policies, and that the insurer is liable therefor, unless the policy exempts it therefrom, which the policy does not do in this case, but rather, as we view it, specially insures against such accident or accidental means.

We think no issue of estoppel is in the case and overrule defendant's proposition.

Defendant's propositions not discussed have been considered, and they are each overruled.

We have found no reversible error, and the case is affirmed.

Affirmed.