

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

April 20, 1959

Hon. R. H. Cory, Chairman　　　　　Opinion No. WW-599
State Affairs Committee
House of Representatives　　　　　　Re:　Constitutionality of
The State of Texas　　　　　　　　　　House Bill 102, 56th
Austin, Texas　　　　　　　　　　　　Leg., The Texas Area
　　　　　　　　　　　　　　　　　　Planning Act.

Dear Mr. Cory:

　　　　We quote from your opinion request as follows:

"As chairman of the State Affairs Committee of
the House of Representatives, and in accordance
with a motion of such committee duly made and
passed on Monday evening, March 2nd, I am send-
ing to your office House Bill 102 by Eckhardt,
with a request that you favor us with an opinion
as to the constitutionality of such bill.  The
motion passed in the committee authorized this
action and in particular called your attention
to the tax features and the voting features with
respect to the different number of votes needed
in incorporated and unincorporated areas."

　　　　As we interpret your request, we are called upon to
give our opinion as to the constitutionality of the follow-
ing features of House Bill 102:  (1) authorization of the
creation of Joint Planning Areas and the establishment of
Area Planning Commissions; (2) Voting requirements for
elections to establish Joint Planning Areas; and (3) author-
ization of an ad valorem tax levy within a Joint Planning
Area.

## ESTABLISHMENT OF AREA PLANNING COMMISSION

　　　　The legislative department may exercise all legislative
power not expressly or by implication withheld by the State
Constitution or the Constitution of the United States; if
there is any doubt as to the validity of a law the action of
the Legislature should be upheld.  Brown v. City of Galveston,
97 Tex. 1, 75 S.W. 488 (1903).  Nothing in the Constitution
of the State of Texas nor in the Constitution of the United
States prohibits the Legislature from authorizing the creation
of Joint Planning Areas and the establishment of Area Planning
Commissions.

VOTING REQUIREMENTS

Section 3 of House Bill 102, provides that before a Joint Planning Area may be established, the question must be submitted to the property tax paying voters within the county or counties affected.

Article VI, Section 2, of the Texas Constitution prescribes the general voting requirements of electors. Under this Article any person shall be deemed a qualified elector who (1) shall have attained the age of twenty-one years; (2) is a citizen of the United States; (3) shall have resided in Texas one year next preceeding an election; and (4) have resided within the district or county in which he offers to vote six months immediately preceeding the time of holding the election. Article VI, Section 3a, provides that when an election is held by any county, or any number of counties, or any political subdivision of the State, or any political subdivision of the county, or any other defined district within the State, for the purpose of issuing bonds or otherwise lending credit or expending money or assuming any debt, only qualified electors who own taxable property in the State, county, political subdivision, district, city, town or village where such election is held, and who shall have duly rendered the same for taxation, shall be permitted to vote. An election to establish a Joint Planning Area does not involve issuance of bonds, lending of credit, expending of money, or the assumption of debt. See King v. Carlton Independent School District, 295 S.W. 2d 408 (Tex.Sup.Ct. 1956); and O'Brien v. Snelson, 82 S.W. 2d 679 (Tex.Civ.App. 1935). The Legislature is without power to restrict or extend the constitutional qualifications of legal voters. Texas Power and Light Co. v. Brownwood Public Service Co., 111 S.W. 2d 1225 (Tex.Civ.App. 1937, error ref.); Ramsay v. Wilhelm, 52 S.W. 2d 757 (Tex.Civ.App. 1932, error ref.); see also Attorney General's Opinion No. WW-16. Therefore, to the extent Section 3 of H. B. 102 prescribes voting qualifications in addition to the requirements of Article VI, Section 2, it is unconstitutional.

VALIDITY OF TAX LEVY WITHIN JOINT PLANNING AREA

Subsections (2) and (3) of Section 8 of H. B. 102 provide as follows:

"(2) In the event that the Area Planning Commission shall deem it in the interests of the Area, it may recommend that funds be raised from ad valorem tax levies to meet the financial requirements for financing the Area Planning Commission and its activities. In such event it shall submit to the property tax

paying voters within every county encompassed or partly encompassed within the Area the question of whether the said commission and its program be supported by a levy fixed by the commission not exceeding five cents ($.05) on each one hundred dollars ($100.00) of assessed valuation of all taxable property in the area, or such maximum may be a smaller figure if the commission shall deem such advisable.

"(3)  In the event that said tax paying voters of the county or counties affected approve the said levy, then, after adoption of the budget by the commission each year, and not later than July 1, the commission may put into effect the following procedure, and only in such event shall the said levy of ad valorem taxes be applicable:

"(a)  The secretary of the commission shall certify to the Commission's court of each county within the Joint Planning Area, the counties share of such tax, which shall be an amount bearing the same proportion to the total levy, fixed by the commission as the assessed valuation of the county bears to the assessed valuation of the Joint Planning Area.

"(b)  The maximum amount of any levy made for the purposes of this Act shall not exceed five cents ($.05) on each one hundred dollars ($100.00) of assessed valuation of all taxable property, or any lesser maximum figure which the commission may have submitted for voter approval.

"(c)  The Commissioner's court of each county in a Joint Planning Area shall add the amount of any levy made by the commission to other tax levies of the county for collection by the county tax assessor and collector and shall fix the tax rate necessary therefor.

"(d)  The maximum amount of any levy made for the purposes of this Act shall not exceed five cents ($.05) on each one hundred dollars ($100.00) of assessed valuation of all taxable property, or any lesser maximum figure which the commission may have submitted for voter approval.

"(e)  When collected, the county shall make settlement of such taxes with the commission in the same

manner as other taxes are distributed to political subdivisions.

"(f) The levy authorized herein shall be in addition to any other county taxes authorized by law."

The foregoing provisions authorize an Area Planning Commission, after approval by the property tax paying voters, to make an ad valorem tax levy.

The Texas Constitution of 1876 recognized only three entities which could collect taxes and expend public money: State, counties, cities and towns. See interpretive commentary under Article XVI, Section 59, of Texas Annotated Constitution. The Constitution has now extended the power of taxation to school districts (Article VII, Sections 3, 3a), fire prevention districts (Article III, Section 48-d), conservation and reclamation districts (Article XVI, Section 59) and districts falling within the purview of Article III, Section 52. The Legislature is not authorized to grant the power of taxation to a research and advisory body such as an Area Planning Commission. In this regard see the case of Bexar--Medina--Atascosa Counties Water Improvement District Number 1 v. State, 21 S.W. 2d 747, (Tex.Civ.App. 1929, error ref.). We therefore hold that H. B. 102 is inoperative in so far as it authorizes a tax levy by an Area Planning Commission.

Although we believe the foregoing to be the correct construction of the above quoted provisions, another construction is possible, i.e. that the county concerned is directed to levy an ad valorem tax not to exceed five cents ($.05) per one hundred dollar ($100) valuation pursuant to the recommendation of an Area Planning Commission and after approval by the property tax paying voters in such county. Such a levy would be within a county's power to tax for general administrative purposes and would be valid provided it did not exceed the maximum tax rate prescribed in Article VIII, Section 9, of the Texas Constitution. However, Subsection (3)(f) of Section 8 of H. B. 102 states that the levy authorized shall be in addition to any other county taxes authorized by law; therefore, even under this construction, a Constitutional amendment would be required in order to authorize the assessment and collection of the tax. See Attorney General's Opinion No. O-5842.

## SUMMARY

The Legislature may establish a Joint Planning Area Commission for the purposes enumerated in House Bill 102. The voting requirements for establishing a Joint Planning Area are void to the estent that additional qualifications are imposed on legal voters in excess to Article VI, Section 2, of the Texas Constitution. The Legislature cannot delegate to the Joint Area Planning Commission the power to levy a tax unless specifically authorized to do so by the Constitution; the Legislature cannot direct a tax levy by a county in excess to the maximum tax allowable of such county under the Texas Constitution.

WILL WILSON
Attorney General

By Jack N. Price

Jack N. Price
Assistant

JNP:bct

APPROVED:

OPINION COMMITTEE:
Geo. P. Blackburn, Chairman

C. K. Richards
John Reeves
Fred Werkenthin

REVIEWED FOR THE ATTORNEY GENERAL

By: W. V. Geppert