**LUMBERMENS MUT. CASUALTY CO. v. C. Y. THOMASON CO. et al.**

Civ. No. 978.

United States District Court
W. D. South Carolina, Greenwood Division.

Jan. 12, 1950.

890

Nelson, Mullins & Grier, Columbia, S. C., for plaintiff.

Mays, Featherstone & Bradford, Greenwood, S. C., for defendants, C. Y. Thomason Co. and United States Guarantee Co. of New York.

McEachin & Townsend, Florence, S. C., for defendant Reuben E. Turner.

J. D. Gilland and Royall & Wright, Florence, S.C., for defendant City of Florence.

John M. Daniel, Atty. Gen., T. C. Callison, Asst. Atty. Gen., R. Hoke Robinson, Asst. Atty. Gen., Willcox, Hardee, Houck & Palmer, Florence, S. C., for State Highway Department.

WYCHE, Chief Judge.

This is an action by Lumbermens Mutual Casualty Company, seeking a declaratory decree under 28 U.S.C.A. § 2201, adjudicating that a certain policy issued by it to C. Y. Thomason Company, a contractor of Greenwood, South Carolina, does not cover a suit brought by one Rueben E. Turner in the Court of Common Pleas for Florence County against City of Florence, State Highway Department, C. Y. Thomason Company and United States Guarantee Company, and that, consequently, the company is under no obligation to defend and indemnify the assured against any loss arising out of the action brought in the State Court. All parties to the suit in the State Court were joined as defendants in the Federal Court, but all, except C. Y. Thomason Company and United States Guarantee Company, either defaulted or filed answer indicating that they were not interested in this particular phase of the litigation. Thus, the controversy here is between the plaintiff Lumbermens Mutual Casualty Company and C. Y. Thomason Company and United States Guarantee Company, and the sole question to be decided is whether or not the plaintiff is obligated under its policy to defend this action brought in the State Court, and whether it would be liable to pay any judgment recovered therein.

The facts out of which this litigation arises are, substantially, as follows: In November, 1945, the City of Florence and State Highway Department began excavation work on Palmetto and Church Streets in the City of Florence for the construction of an underpass on State Highway No. 301 on Palmetto Street under the tracks of the Atlantic Coast Line Railway Company, and the State Highway Department awarded the contract for the construction of this underpass to C. Y. Thomason Company, and the United States Guarantee Company became guarantor or surety on C. Y. Thomason Company's contractor's bond.

In August, 1947, Reuben E. Turner, a garage owner in the City of Florence, brought suit against the City of Florence and the State Highway Department for damages which he alleges resulted from the construction of the underpass and the grading of the streets in front of, and in close proximity to, his garage. This action brought by Turner is based on the taking of plaintiff's private property for public use without just compensation, in violation of the Constitution of the State of South Carolina, and damages are alleged in the sum of $10,000. To this action the City of Florence and the State Highway Department answered, alleging among other things, that the defendant C. Y. Thomason Company executed a contract and bond to the State Highway Department with the United States Guarantee Company as surety, and agreed under this contract and bond to pay all claims for damages arising out of the construction of this project, and further agreed to indemnify and save harmless the City of Florence and the State Highway Department from any liability in connection with said project and asked that C. Y. Thomason Company and its surety, United States Guarantee

Company, be made parties to this action. On motion of the City of Florence and the State Highway Department, the State Court issued an order directing that C. Y. Thomason Company and its surety be made parties to the action and providing that they be required to defend specifically the allegations set forth in the answers of the City of Florence and the State Highway Department. In conformity with this order, Rueben E. Turner amended his complaint making Thomason and the surety parties to his action. The basis of plaintiff Turner's cause of action, as set forth in the amended complaint, is summarized in paragraph 3 thereof, and is as follows: "3. That the action of the Defendants City of Florence and State Highway Department through their agents, servants, and employes in closing off Plaintiff's place of business at the beginning of their underpass project and keeping it closed off for about a year; in preventing ingress and egress to and from his garage; in causing his customers difficulty and danger in getting into and out of his garage, in throwing large quantities of earth and water into the Plaintiff's garage; in ruining equipment and supplies by throwing earth and water into his garage; in replacing the sidewalk in such manner as to make it three inches higher than the Plaintiff's garage; in causing the business to shut down on account of water and mud in his garage, constitute a taking of Plaintiffs' private property for public use without just compensation, in violation of the constitution of the State of South Carolina to Plaintiff's damage in the sum of Ten Thousand ($10,000.00) Dollars."

C. Y. Thomason Company and the Surety Company, however, contend that this paragraph should be read in connection with paragraph 4 of the amended complaint, which is as follows: "4. That the Defendant C. Y. Thomason Company was the contractor doing the construction work outlined above for the Defendant State Highway Department of South Carolina, and the Defendant United States Guarantee Company of New York is the guarantor on C. Y. Thomason Company's contractor bond, and by the terms of the said contract of construction and the contractor bond, both the Defendant C. Y. Thomason Company and the United States Guarantee Company of New York became responsible to pay any damages caused by the construction of the said underpass and approaches on Palmetto and Church Streets, and that on March 18, 1949 Hon. G. Duncan Bellinger, Presiding Judge of the Court of Common Pleas of Florence County, issued his order, a copy of which is hereto attached and made a part of this complaint, directing that the Defendant C. Y. Thomason Company and United States Guarantee Company of New York be made parties defendant to the within action and that they 'be required to defend specifically the allegations set forth in the answers of the Defendants City of Florence and State Highway Department', and that for the reasons herein stated, C. Y. Thomason Company and United States Guarantee Company of New York are made parties to this action."

Upon being served with the amended complaint, Thomason and the surety called upon the plaintiff herein to assume responsibility under its policy for the defense of this suit and to pay any judgment which might be recovered. The limit of coverage afforded under the policy for property damage caused by accident is the sum of $30,000.

Plaintiff refused to take over the defense, contending that it was not liable under its policy to defend an action for the taking of private property for public use under the State Constitution, because its liability was limited and restricted to claims for damage caused solely by accident. After the plaintiff refused to take over the defense of the action on behalf of Thomason and the surety, they retained counsel and filed a demurrer to the amended complaint in the State Court, and served notice on the plaintiff that they were taking over the defense, but would expect the plaintiff to pay all expenses, as well as pay any judgment that might be recovered.

This action for declaratory judgment was commenced by the plaintiff in June, 1949, and Thomason and the surety filed answer, and also filed a motion to dismiss the com-

plaint on the grounds that there was no substantial controversy between the plaintiff and defendants; that they should be realigned, and that upon realignment this court would not have jurisdiction because there would be no diversity of citizenship. It was also contended that the jurisdictional amount is lacking because the Insurance Company is not obligated to indemnify the insured until a judgment is rendered, which is contingent and hypothetical, that there is no allegation that the expenses to be incurred in the defense would exceed $3,000. It is also contended that this court, in its discretion, should dismiss the action because the real issues are between residents of South Carolina and should be settled in the State Court rather than in the Federal Court.

The plaintiff filed motion for summary judgment and the case is now before me on defendants' motion to dismiss and plaintiff's motion for summary judgment. By stipulation of counsel all the pleadings in the action in the State Court, as well as copy of the insurance policy in question, were admitted in evidence.

The first question to be decided is whether this court has jurisdiction to determine this controversy and whether the facts disclose a case proper for a declaratory decree.

As to the jurisdictional amount, the suit in the State Court is for the sum of $10,000 and, as the policy limits extend to the sum of $30,000, the amount in controversy is sufficient. Aetna Casualty & Surety Co. v. Yeatts, 4 Cir., 1938, 99 F.2d 665; Stephenson v. Equitable Life Assur. Soc., 4 Cir., 92 F.2d 406.

The other objections to the jurisdiction of the court are also without merit.

Here, a real and vital controversy exists between the insurance company and the assured as to whether the policy in question covers the cause of action brought in the State Court, and whether the insurance company is under obligation to take over immediately and defend this action. This question cannot be decided in the State Court action, to which the insurance company is not a party, even though it under-took the defense. Under such circumstances, the plaintiff is entitled to have the court declare whether or not it is obligated to defend and indemnify the assured against the action brought by Turner against its assured. Maryland Casualty Co. v. Consumers Finance Service, 3 Cir., 101 F.2d 514; American Casualty Co. of Reading, Pa. v. Howard, 4 Cir., 173 F.2d 924; Farm Bureau Mut. Automobile Ins. Co. v. Daniel, 4 Cir., 92 F.2d 838; Glens Falls Indemnity Co. v. Brazen, D.C., 27 F.Supp. 582; Indemnity Ins. Co. of North America v. Kellas, 1 Cir., 173 F.2d 120.

The remaining question is whether or not plaintiff's motion for summary judgment should be granted.

The amended complaint in the action in the State Court, in my opinion, is based solely on the theory of the taking of private property for public use without just compensation in violation of the State Constitution, and the question is whether or not the policy issued by the plaintiff covers such cause of action. The answers of the State Highway Department and the City of Florence say that if the plaintiff suffered any damages by reason of any of the matters and things set forth in the amended complaint, the defendants C. Y. Thomason Company and/or United States Guarantee Company of New York are responsible to him for the payment of such damages.

The pertinent provisions of the policy are as follows:

"4. The insurance afforded is only with respect to accidents in consequence of such and so many of the following hazards as are indicated by specific premium charge or charges. * * *"

"In consideration of the premium hereinafter provided, the obligations assumed by the company under this policy are extended to apply to any loss resulting from the liability imposed upon the insured by law for damages, including damages for loss of use, because of injury to or destruction of property of every description (not, however, property owned, leased, occupied by, or property in charge of, the insured) caused by accident occurring within the en-

dorsement period and arising solely and directly out of the work and at the locations described in this endorsement."

"In consideration of an additional premium to be determined on audit, it is understood and agreed that the Company's limits of liability are increased to $30,000 each person, and $60,000 each accident, as respects Bodily Injury and $30,000 each accident and $30,000 aggregate as respects Property Damage. This endorsement applies only to South Carolina State Highway Project No. 2514-A (1) Palmetto Street Railroad Underpass at Florence, South Carolina on the Atlantic Coast Line Railroad."

"This endorsement is subject to the declarations, conditions, and other terms of the policy which are not inconsistent herewith, and when countersigned by an authorized representative of the company, forms a part of the policy described below."

"It is further agreed that as respects insurance afforded by this policy the company shall (a) defend in his name and behalf any suit against the insured alleging such injury or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the company shall have the right to make such investigation, negotiation and settlement of any claim or suit as may be deemed expedient by the company; * * *."

The policy protects the insured solely against liability imposed by law for damages caused by accident. Thomason and the surety company admit that this is true, but they contend that some of the allegations for damages set forth in the amended complaint might be construed as resulting from accident or negligence. They say that in paragraph 4 of the amended complaint, it is alleged that C. Y. Thomason Company by the terms of the construction contract and performance bond "became responsible to pay any damages caused by the construction", and that this is the allegation which C. Y. Thomason Company called on plaintiff to defend; and that plaintiff is obligated to defend this allegation because C. Y. Thomason Company, having no power of eminent domain, could be held only for damages caused by negligence, that is, accidents resulting from negligence in the construction. But the amended complaint has no allegation charging these defendants, or either of them, with negligence. The plaintiff Turner, in his amended complaint, is not suing for damages arising out of negligence or accidents, but has pitched his complaint solely on the ground of the taking of private property for public use in violation of the State Constitution. Paragraph 4 of the amended complaint does not state a cause of action for damages caused by negligence.

The defendants also take the position that, since the policy provides that the insurance company will defend any suit, whether the suit is groundless, false or fraudulent, the company must, therefore, take over the defense of this suit. The policy provides, "It is further agreed that *as respects insurance afforded by this policy* the company shall (a) defend * * * any suit * * * even if such suit is groundless, false or fraudulent;" etc. (Emphasis added.) This means that the company will defend any suit, although groundless, etc., that comes within the terms of the policy and one for which the company would be liable in the event judgment was recovered against the insured. So the solution to the problem remains the same, and the sole question is whether the amended complaint of Turner states a cause of action against the assured that comes within the coverage of the policy.

The duty of an insurance company to defend is only against litigation in which a recovery is sought against the insurance for a cause of action arising within the coverage of the policy. An insurance company is under no obligation to defend a suit where the allegations of the complaint do not state facts to bring the case within the coverage of the policy, or when the cause of action alleged in the complaint is not one or which the insurance company would be liable in the event judgment was recovered in that action. Howard v. Massachusetts Bonding & Ins. Co., D.C., 69 F.Supp. 248; London Guarantee & Accident Co. v. C. B. White & Bros., 188 Va. 195, 49 S.E.2d 254; American Fidelity Co. v. Deerfield Valley Grain Co.,

D.C., 43 F.Supp. 841; Morgan v. New York Casualty Co., 54 Ga.App. 620, 188 S.E. 581.

If the complaint in the action brought by Turner had set forth a cause of action for negligence or for some damage caused through accident then the insurance company would have had to defend this suit even though the allegations were false or groundless. But, since the action in the State Court by Turner is for the taking of private property for public use, a cause of action not covered by the policy, there is no duty on the part of the insurance company to defend that action.

It is further contended, however, that the policy covers the cause of action here because of a typewritten provision in the "Property Damage Endorsement", under the heading of "Description of Work to be Covered" in the following words: "All operations of the Insured in the States of South Carolina, North Carolina and Georgia". From this it is argued that the provisions of the policy are broadened to cover any and every conceivable act of the assured and not merely to damages covered by accident. These words mean that the coverage afforded under the policy is not limited to any one project but to any project, and all operations, being performed by the assured in the States of South Carolina, North Carolina and Georgia.

For the foregoing reasons the motion to dismiss must be denied, and the motion for summary judgment granted, and It is so ordered.