**C. Y. THOMASON CO. et al. v. LUMBER-MENS MUTUAL CASUALTY CO.**

No. 6087.

United States Court of Appeals
Fourth Circuit.

Argued June 20, 1950.

Decided August 3, 1950.

730

C. A. Mays, Greenwood, S. C., and Marshall T. Mays, Greenwood, S. C. (J. W. Bradford, Jr., and Mays, Featherstone & Bradford, all of Greenwood, S. C., on the brief), for appellants.

F. B. Grier, Jr., Columbia, S. C. (Nelson, Mullins & Grier, Columbia, S. C., on the brief), for appellee.

Before PARKER, Chief Judge, and SOPER, Circuit Judge, and MOORE, District Judge.

SOPER, Circuit Judge.

Lumbermens Mutual Casualty Company, an Illinois Corporation, brought this action in the District Court for the Western District of South Carolina against the C. Y. Thomason Company of Greenwood, South Carolina, and others seeking a declaratory decree under 28 U.S.C.A. § 2201 that a certain accident policy issued by it to Thomason does not cover the action brought by Rueben E. Turner against Thomason and others in the Court of Common Pleas for Florence County, South Carolina, and that, consequently, the insurer was under no obligation to defend and indemnify the assured against any loss arising out of said action.

On December 11, 1944 the City of Florence and the State Highway Department of South Carolina, having in contemplation the building of an underpass in the City of Florence under the tracks of the Atlantic Coast Line Railway Company, entered into an agreement under which the City of Florence agreed to relieve the State Highway Department of all responsibility and liability on account of any property damage incident to said construction. On July 14, 1945 the State Highway Department let the contract for the project to the Thomason Company. The contract contained the following provision:

"The Contractor shall indemnify and save harmless the County, the State, the Party of the First Part (State Highway Department) and all of their officers, agents, and employees, from all suits or claims of any character brought by reason of injuries received, or damages sustained, at the hands of the Contractor or his agents in consequence of any act of omission or commission, neglect or misconduct, on the part of the aforesaid Contractor or his agents in: (1) Safeguarding the work, (2) using unacceptable materials in constructing the roadway, (3) infringing on any patent, trade mark, or copyright, (4) violating any law, ordinance, order, or decree, and (5) any and all other acts causing injuries or damages to person or property."

Thomason was required to furnish and did furnish a bond with the United States Guarantee Company of New York as the security in the sum of $246,680.25, conditioned upon the performance of all terms and conditions of the contract and the payment and discharge of all responsibilities for injuries which might be incurred in and about the construction.

On September 1, 1945 Thomason procured the policy in suit, which covered the area of the operation of the construction contract, but did not cover the entire field of the obligation of Thomason in the construction contract to indemnify the State Highway Department from all suits or claims by reason of any injuries received or damages sustained at its hands in the course of the work. The Lumbermen's policy expressly provided that the insurance afforded was only in respect to accidents in consequence of such hazards as were indicated by specific premium charges. It was limited to operations of Thomason in South Carolina, North Carolina and Georgia, and to the South Carolina State Highway project with respect to the full limit of the liability specified. It obligated the insured to pay all sums within the limits specified which the insured might be obligated to pay by reason of liability imposed by law because of bodily injury caused by accident, or because of injury to property caused by accident, arising out of the operations of the insured at the designated locality.

The policy also obligated the insurer to defend in the name of the insured any suit against it, alleging such an injury and seek-

-ing damages on account thereof, even if such suit should be groundless, false or fraudulent.

In August, 1947 Reuben E. Turner, a garage owner in the City of Florence, brought suit in the Court of Common Pleas of Florence County, South Carolina, against the city of Florence and the State Highway Department for damages in the amount of $10,000 which resulted, according to his allegations, from the construction of the underpass adjacent to his property. On motion of the City of Florence and the State Highway Department the Thomason Company and the United States Guarantee Company were joined as parties defendant to the action, and Turner filed an amended complaint in which he charged in effect that the City and State, through their contractor, had committed the following wrongful acts:

The contractor made an excavation at the intersection of Palmetto and Church Streets in the City of Florence so as to enable a state highway, which follows Palmetto Street, to pass under the railroad tracks. The Turner garage is situate on the south side of Palmetto Street, adjacent to an open lot at the southeast corner of Palmetto and Church Streets. The contractor dug a ditch across this lot close to the garage and piled up the earth near the northwest corner of the building and left the lot in this condition from the beginning until the end of the work during a period of more than a year. The result was that during periods of heavy rain earth was washed into the garage to the depth of two inches and water to the depth of one foot and the garage remained wet and damp during the winter and spring and in wet periods throughout the year. The excavation on Palmetto Street was almost directly in front of the garage so that entrance from Palmetto Street was precluded and there was no ingress or egress for automobiles except over the sidewalk. When Palmetto Street was finished and repaved, the contractor raised the sidewalk three or four inches above the level of the garage floor which did damage to automobiles using the entrance. As the result of these acts the business of the garage was reduced in ap-

proximately the sum of $8,000 from that done in the preceding year and this occured during a period of great activity in the business of automobile repairs. This loss could have been obviated because the excavation in the streets and the digging of the ditch could have been delayed until near the end of the construction project.

These actions are summarized in paragraph 3 of the complaint as follows:

"3. That the action of the defendants Florence and State Highway Department through their agents, servants, and employees in closing off Plaintiff's place of business at the beginning of their underpass project and keeping it closed off for about a year, in preventing ingress and egress to and from his garage, in causing his customers difficulty and danger in getting into and out of his garage, in throwing large quantities of earth and water into the Plaintiff's garage; in ruining equipment and supplies by throwing earth and water into his garage; in replacing the sidewalk in such manner as to make it three inches higher than the Plaintiff's garage; in causing the business to shut down on account of water and mud in his garage, constitute a taking of Plaintiff's private property for public use without just compensation, in violation of the constitution of the State of South Carolina to Plaintiff's damage in the sum of Ten Thousand ($10,000.00) Dollars."

The City of Florence and the State Highway Department filed answers to the amended complaint in which they showed that the loss and damage described therein were due to the acts of Thomason, the contractor, and that Thomason and its surety, the United States Guarantee Company of New York, had agreed to pay and discharge any liabilities arising in consequence of any act of omission or commission, neglect or misconduct on the part of the contractor, causing injuries or damages to person or property.

Thomason and the United States Guarantee Company of New York demurred to the complaint on the ground that it stated only a cause of action for the taking of private property for public use without just compensation, and that such an action would

not lie against the Thomason Company since it had no power of eminent domain but was acting only under the authority of the State of South Carolina, and on the further ground that the complaint contained no allegation charging the defendant with negligence, trespass or breach of contract, the only basis on which any liability growing out of an accident connected with the operation might be predicated.

Upon being served with the amended complaint, the Thomason Company called upon the Lumbermens Casualty Company to defend the suit, but it refused to do so on the ground that it is not liable under its policy to defend any claims set forth in Turner's amended complaint or in the answers of the defendants because its liability is limited to claims and damages caused solely by accident, and none of the damages alleged therein was the result of or caused by accident. Thereupon Thomason retained counsel and took over the defense of the suit, but notified Lumbermens that it would be expected to pay all expenses of the suit as well as any judgment which might be recovered therein.

Lumbermens then instituted the present action for a declaratory judgment against all of the parties to the suit in the State Court but only Thomason and the United States Guarantee Company have filed answers thereto. The principal question to be decided is whether the pleadings in the suit in the state court present claims against Thomason which are within the scope of the Lumbermens policy. This question was presented to the District Judge by a motion of the plaintiff for a summary judgment in its favor, which was considered in connection with the Lumbermens policy in suit and the pleadings in the action brought by Turner in the State Court. The judge was of the opinion that the acts complained of in the State Court were not within the coverage of the policy since they alleged only a taking of private property for public use, and therefore granted the motion for summary judgment. See Taylor v. Westerfield, 233 Ky. 619, 26 S.W.2d 557, 69 A.L.R. 482, 489.

Our attention has been called to a decision of the State Court rendered since the entry of the judgment below, overruling the demurrer filed by Thomason to the amended complaint in the action in the State Court. The judge of the State Court was of the opinion that insofar as the injury complained of constituted a taking of private property for public use without compensation under the State contract, no cause of action against the contractor was stated; but he also held that although the complaint did not expressly allege any acts of negligence, the gravamen of the complaint was not the erection of a public improvement for which the contractor would not be liable, but the faulty manner of construction for which the contractor would be liable, if the acts complained of did not result as a necessary incident in the prosecution of the work. The judge obviously had in mind those allegations of the complaint in which it is stated that the excavation and digging which interfered with the business of Turner for the space of a year were unnecessarily prolonged.

We are urged to accept the decision of the State Court and hold that the Lumbermens policy covers the losses alleged in the Turner complaint. The question before us, however, is not the same. In the State Court the liability of Thomason will be established if it is shown that Turner suffered damages which were caused by negligence on the contractor's part. In our case the liability of Lumbermens for damages caused by Thomason cannot be adjudged unless it appears that the damages were caused by accident. We find nothing in the allegations of the complaint in the State Court in respect to accident and no statement of facts from which it may be fairly inferred that the damages were caused by accident. Indeed the reverse is true, for the contractor's actions that interfered with the business of the garage, as described in the complaint, were intentional, deliberate, long continued and unnecessary, consisting perhaps of negligence but devoid of any suggestion of accident.

We are not confronted with the difficult problem of distinguishing between an accidental cause and an accidental result which sometimes arises when an unfortunate and unexpected event occurs and it becomes

necessary to determine whether the cause or the result of the occurrence was accidental. In our case, neither the means nor the result was accidental, since the acts which caused the damage were persistently and continuously done and the results were the normal consequences of the acts. See Norris v. New York Life Ins. Co., 4 Cir., 49 F.2d 62; Landress v. Phoenix Ins. Co., 291 U.S. 491, 54 S.Ct. 461, 78 L.Ed. 934, 90 A.L.R. 1382; Mutual Life Ins. Co. v. Dodge, 4 Cir., 11 F.2d 486, 59 A.L.R. 1290; We do not mean to say that there may not be an accident as the result of negligence, but there was no such result in this case and it cannot be held that negligence is synonymous with accident.

■ There is no merit in the additional contentions of the appellant that the District Court was without jurisdiction because diversity of citizenship would have been lacking if the parties had been properly aligned; and that the District Court should have exercised the discretion residing in it in cases for declaratory judgment and dismissed the motion for summary judgment or postponed the case until the action in the State Court had been tried. It is urged that the interests of Thomason, United States Guarantee Company and Lumbermens are substantially the same, in that all of them desire to defeat the Turner claim, and hence these three parties should have been joined as parties against Turner, the City of Florence and the State Highway Commission as defendants, and thereby a citizen of South Carolina would have been on each side of the case and diversity of citizenship would have been lost. The complete answer to the contention is that Lumbermens has raised a question of coverage in which its position is adverse to that of Thomason and the United States Guarantee Company, and hence the parties were properly aligned in the District Court. Ætna Cas. & Ins. Co. v. Yeatts, 4 Cir., 99 F.2d 665; State Farm Mut. Auto Ins. Co., v. Hugee, 4 Cir., 115 F.2d 298, 132 A.L.R. 188.

■■ In respect to the second contention it is quite clear that the pending suit cannot be dismissed or postponed on the ground that the liability of Lumbermens for damages would of necessity be determined in the State Court. That case will merely decide whether Thomason is liable for damages resulting from negligence on the work, and the question whether its acts were within the coverage of the policy will remain open. When the insured in a liability policy has been sued for damages and calls on the insurer to undertake the defense of the suit and a question of coverage is involved which will not be decided in the suit for damages, the insurance company is entitled to be advised by a declaratory decree whether it is obligated to defend and indemnify the insured against the claim upon which the suit is brought. Ætna Cas. Ins. Co. v. Yeatts, supra; Ætna Cas. Ins. Co. v. Quarles, 4 Cir., 92 F.2d 321.

Affirmed.