**NEALE CONST. CO., Inc. v. UNITED STATES FIDELITY & GUARANTY CO.**

No. 4489.

United States Court of Appeals
Tenth Circuit.

Nov. 4, 1952.

C. K. Sayler, Topeka, Kan. (Harry K. Allen, L. M. Ascough, and John A. Bausch, Topeka, Kan., on the brief), for appellant.

David H. Fisher, Topeka, Kan. (Irwin Snattinger, Topeka, Kan., on the brief), for appellee.

592

Before BRATTON, HUXMAN and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

The question in this case is whether a breach of a construction contract resulting in defective construction falls within the coverage of a Comprehensive General Automobile Liability Policy issued to the appellant, Neale Construction Company, Inc., by the United States Fidelity and Guaranty Company, so as to require the latter to defend a damage action brought against Neale in Texas and pay the judgment obtained therein.

The Neale Construction Company entered into contracts with North Plains Telephone Company and with Panhandle Electric Corporation to perform certain work and construction in the State of Texas. In general Neale agreed to furnish labor, motor vehicles and other equipment necessary to perform the aerial and underground construction work on North Plains telephone system in Dumas, Texas. It agreed to splice the necessary telephone cables and to make the installations in accordance with the specifications of the contract.

Generally the complaints in the breach of contract action alleged that Neale Construction Company failed to perform its obligations under the contracts in that it performed defective wire spinning of all aerial cables, in that it did not properly terminate the wire spinning at the end of each span, that it failed to properly take up the slack in the spinning wire in each span and did not bind the spinning wire at the end of each span, as required by the specifications, but on the other hand performed this work in a crude and improper manner.

Neale Construction Company served notice of the pendency of the suit upon the insurance company and demanded that it come in and defend the action. The insurance company denied liability and refused to defend the suit. A trial thereof resulted in a judgment against Neale Construction Company. This action was then instituted, alleging coverage under the policy and that the insurance company was obligated to defend and was liable for the judgment rendered therein. Motions for summary judgment were filed both by Neale Construction Company and by the insurance company. This appeal is from the judgment of the court sustaining the motion for summary judgment by the insurance company.

The Comprehensive Automobile Liability Policy covered (A) liability for bodily injury, (B) automobile property damage liability, and (C) property damage liability except automobile. The policy also included a products completed operations endorsement and a products hazard clause. In view of the conclusion we have reached, it is not necessary to analyze these provisions in order to determine the coverage afforded thereby. Liability is predicated upon the happening of an accident with resultant damage. Since it is our conclusion that no accident, as that term is used in the policy, occurred, the extent of coverage under these provisions becomes immaterial. We are also of the further view that the complaints in the Texas case failed to state a case bringing it within the coverage of the policy and, therefore, the insurance company was not required to defend that action or pay the judgment obtained therein.

The gist of the two Texas causes of action was a breach of Neale's contractual obligation to do the work in a workmanlike manner and according to the specifications. Appellant seizes upon the allegation that the defective manner of doing the work caused the spinning wire to break and therefrom argues that the breaking of the wire was an accident with resulting damage presumably to the wire and to the sagging cable. It is, however, clear that the causes of action were not for damage from broken wires or injured cables but for the additional cost of repairing the defective installations. Thus it is alleged in the one case that plaintiff will be compelled to expend $3,759.70 to repair defective spinning and $1,700 to take out additional slack in the cable. Similar allegations are contained in the other complaint. No recovery is sought for broken spinning wire.

But even if there was broken spinning wire and the breaking thereof was unintentional, it nonetheless was not an ac-

cident as that term is used in the policy. The term "accident" as used in policies of insurance has been variously defined. A good definition is found in Gilliland v. Ash Grove Lime & Portland Cement Co., 104 Kan. 771, 180 P. 793, 794, as follows: "An 'accident' is simply an undesigned, sudden, and unexpected event, usually of an afflictive or unfortunate character, and often accompanied by a manifestation of force."[1] The natural and ordinary consequences of a negligent act do not constitute an accident. If one negligently erects a roof by the use of weak or inadequate rafters, the roof is liable to collapse but its fall is not an accident because such is the ordinary result of such construction. Here certain standards were required for these installations. Because of the negligent manner in which the wires were spun certain damage resulted, such as permitting the cables to sag and even creating the hazard of broken spinning wires, but these results were the usual, ordinary and expected results of such negligent construction. Such results were in no sense sudden, unexpected or unanticipated. When the means used and intended to be used produce results which are their natural and probable consequences, there has been no accident although such results may not have been intended or anticipated.

Since the complaint failed to allege facts which, if established, constituted an accident within the meaning of the policy, no duty rested on the insurance company to defend the Texas action or discharge the judgment obtained therein.

Appellant has filed a motion for assessment of part of the cost on appeal in any event to appellee on the ground that unnecessary parts of the record were printed. These consisted of copies of various pleadings, such as motions, answers and cross-actions. It is doubtful if it was necessary that these pleadings be printed in toto. Some of them might well have been summarized but we do not feel that the

transgression of the rule, if any, is of sufficient gravity to grant the motion and it is, therefore, denied.

Affirmed.

1. C. Y. Thomason Co. v. Lumbermens Mutual Casualty Co., 4 Cir., 183 F.2d 729; Standard Accident Ins. Co. v. Theo Money Chevrolet Co., 217 Ark. 869, 233 S.W. 2d 553; United States Fidelity & Guaranty Co. v. Briscoe, Okl.Sup., 239 P.2d 754; Springfield Tp. v. Indemnity Ins. Co. of North America, 361 Pa. 461, 64 A.2d 761.