**HUTCHINSON WATER COMPANY, Inc.,**
Appellant,

v.

**UNITED STATES FIDELITY & GUARANTY COMPANY, a corporation,**
Appellee.

**No. 5625.**

United States Court of Appeals
Tenth Circuit.

Dec. 18, 1957.

J. Richards Hunter, Hutchinson, Kan. (Harry H. Dunn, William B. Swearer, Hutchinson, Kan., on the brief), for appellant.

W. A. Kahrs, Wichita, Kan. (Robert H. Nelson and Patrick F. Kelly, Wichita, Kan., on the brief), for appellee.

Before MURRAH, PICKETT and LEWIS, Circuit Judges.

MURRAH, Circuit Judge.

In this declaratory action, the appellee, United States Fidelity & Guaranty Company, seeks a declaration of nonliability under its "Comprehensive General-Auto-

mobile Liability" policy, in which it insured the appellant, Hutchinson Water Company, against damages because of injury to or destruction of property "caused by accident". Exercising its diversity jurisdiction, the trial court gave summary judgment to the effect that the loss asserted against the insured in state court litigation was not "caused by accident" as those terms of coverage are used in the policy, and the appellee was therefore not obligated to defend the state court suits or pay any judgments awarded therein. The Water Company has appealed.

The trial court's summary judgment is based upon the pleadings in this case, and the incorporated state court pleadings, to the effect that under its water franchise with the City of Hutchinson, Kansas, appellant was required to maintain water in its mains in certain quantities and at certain prescribed pressures for the use of the Municipal Fire Department. While the appellee's policy was in force, lightning struck a building in the mercantile district of Hutchinson, owned by one Roher. The lightning came without warning and was unaccompanied by a storm or previous electrical disturbance. Because of the inflammable character of the merchandise contained in the building, the fire spread rapidly and beyond control of the Fire Department. Earl E. Roher and Earl E. Roher Transfer and Storage Company filed separate suits in the District Court of Kansas against the Water Company, each alleging that their property loss was aggravated and increased by the negligent failure of the Water Company to supply water of sufficient quantity and pressure. The Water Company notified the appellee-insurer of the state court actions and called upon it to defend them and to pay any judgment rendered against it as a result thereof. Appellee declined liability under its policy or to defend the suits on the grounds that the asserted loss against insured was the natural and probable consequence of its negligence, hence not caused by accident within the meaning of the policy.

■■ Some complaint is made of sufficiency of the pleadings as the factual basis for the summary judgment. But, all of the facts pleaded, including the Water Company's answer, are taken as true. No other material facts are suggested. We think these facts clearly presented the issue of coverage and that the case was ripe for summary judgment.

Following Kansas law, we have defined the critical word "accident" used in policies of this kind, to describe coverage as "an undesigned, sudden, and unexpected event, usually of an afflictive or unfortunate character, and often accompanied by a manifestation of force"; stating that "the natural and ordinary consequences of a negligent act do not constitute an accident." Neale Const. Co. v. U. S. Fidelity & Guaranty Co., 10 Cir., 199 F.2d 591, 593. See also Midland Const. Co. v. U. S. Cas. Co., 10 Cir., 214 F.2d 665; Gilliland v. Ash Grove Lime & Portland Cement Co., 104 Kan. 771, 180 P. 793; Duncan v. Perry Packing Co., 162 Kan. 79, 174 P.2d 78. Making application of this dictionary definition in the Neale case, we said that a claim for damages for the cost of repairing telephone wires which broke and sagged because negligently spun and spliced, did not state a cause of action for damages "caused by accident" within the coverage of the policy. As against the contention that the breaking of the wires was the accidental cause of the asserted damages, we observed that the claim was not for damages for broken wires, but for the additional cost of repairing the defective installations; and moreover, the breaking of the wires was not an accident within the policy because it was the natural and probable consequence of the negligent acts, "hence not undesigned, sudden and unexpected."

Making further application of the same definition in the subsequent Midland case, we held that asserted property losses resulting from rain through an opening negligently left in a roof, was not caused by accident within the meaning of the policy. Following the Neale case, we said that the rain damage complained of

was the natural and probable consequence of the negligent failure to close the hole in the roof. And see C. Y. Thomason Co. v. Lumbermens Mutual Cas. Co., 4 Cir., 183 F.2d 729, where neither the means nor the result was accidental, but the normal consequences of a negligent act. Our reasoning was based upon the underlying maxim that everyone is constructively held to intend the natural and probable consequences of his acts; and, that which is intended or anticipated cannot be accidental. See Western Commercial Travelers' Assn. v. Smith, 10 Cir., 85 F. 401, cited by Cardozo dissenting in Landress v. Phoenix Mutual Life Ins. Co., 291 U.S. 491, 501, 54 S.Ct. 461, 78 L.Ed. 934. At the same time, we did not rule out negligence as a predicate for accidental cause or result. Indeed, we indicated in the Midland case that if the rain, which was the immediate cause of the damage, had been sudden and unpredicted, it might properly have been considered an accidental cause or result.

Apparently we did not contemplate whither this logic would lead us. For, if the policy did not cover the loss because the natural and probable consequences of the negligent act did not constitute an accident, then by the same logic, there would be no liability where the damage was the unexpected, hence unforeseen result of the negligent act. In the first instance, the damage would be foreseeable and therefore not accidental; in the latter instance, the damage would not be foreseeable and hence no liability upon the insured for his negligent acts. In either instance, the insurer would be free of coverage and the policy would be rendered meaningless.

Rex Roofing Co. v. Lumber Mutual Cas. Ins. Co., 280 App.Div. 665, 116 N.Y.S.2d 876, 877, involved a policy like ours under facts which seem indistinguishable. Construing the phrase "caused by accident" in the speech of the average man, the New York court had no difficulty concluding that the negligent act of leaving the roof unprotected was the accidental cause or result of the rain damage and within the nontechnical meaning of the policy. In Cross v. Zurich General Accident & Liability Ins. Co., 7 Cir., 184 F.2d 609, the damage resulted from an intentional but negligent act. Applying the "test for negligence", the trial court reasoned that since the negligent act was deliberate and intentional, the resulting damage could not have been "unforeseen, unexpected or unusual". But the appellate court expressly rejected the theory of constructive intent based on negligence. It reasoned that since the insured had no actual intent, the resulting damage was accidental, even though caused by negligence. In other words, the damage was foreseeable in law but unexpected in fact, hence accidental in the context of human conduct.

But even though we were free to embrace the postulation in Midland under the theory in Rex Roofing, or the philosophy of the Cross case, we are nevertheless brought to affirmance of the judgment. To be sure, there was an accidental fire, but it was not the natural and probable consequence of the insured's negligence. Nor was it the unexpected and unintentional, hence accidental, result thereof. Appellant seeks to bring the case within the Midland postulate by the argument that the accidental fire and the negligent act combined to bring about an accidental result. But here, unlike that case, the negligent act occurred after the factum of the accident. The insured was in no wise responsible for the unexpected and unpredicted lightning which caused the fire. The damages complained of here are in addition to, and not a part of, the loss caused by the accident. They are but the natural and probable consequences of the negligent failure of the insured Water Company to maintain adequate pressure for ever present fire fighting purposes. The appellant cannot combine or make concurrent that which the state court pleader has chosen to make separate and distinct. Thus construed, the damages complained of cannot be said to be caused by an accident within the meaning of the policy. The judgment is affirmed.