**CITY OF AURORA, COLORADO,**
Appellant,

v.

**TRINITY UNIVERSAL INSURANCE COMPANY, a Texas corporation,** Appellee.

No. 7298.

United States Court of Appeals
Tenth Circuit.

Jan. 28, 1964.

George B. Lee, Aurora, Colo., on brief, for appellant.

Eugene S. Hames, Denver, Colo., and James E. Elliott, Jr., Denver, Colo., on brief, for appellee.

Before MURRAH, Chief Judge, and HILL and SETH, Circuit Judges.

**906**

MURRAH, Chief Judge.

This action for declaratory judgment presents the recurring question whether the claimed loss caused by the insured's negligent conduct is covered by a policy insuring against damages "caused by accident;" or, more specifically, whether the damages resulting from the insured's negligence were accidental.

The trial court made the following uncontroverted findings: The City of Aurora, Colorado, the insured, absorbed the sewage system of a newly annexed area, and later discovered that it was inadequate. During periods of prolonged moisture, surface water infiltrated the system, thereby overtaxing the sewage main. The comprehensive liability policy issued by the appellee, Trinity Universal Insurance Company, was in force when a rather heavy rainfall occurred in May 1961. To prevent flooding of a lift station in this area, a small pump at the station was intermittently operated, increasing the discharge of water into the main. The combination of the rainfall and the operation of the pump caused sewage and water to back up from the main into several residences.

Subsequently, two suits were filed in the District Court of Colorado against the appellant-insured, each alleging that the "overflowing of the sewer was proximately caused by the negligent and carelessness * * *" of appellant, in the design, operation and maintenance of the sewage system. The appellee-insurer denied liability under the policy, and refused to defend or pay any judgment, on the ground that the asserted loss was not within the coverage of the policy. Appellant then commenced this action on the policy. During the pendency of this suit, a jury awarded damages in one of the state court actions, and the other was settled.

The trial court declared that the damages claimed against the insured in the state litigation were not "caused by accident", as that clause is used in the policy; that appellee was not estopped to deny coverage after giving timely notice of refusal to defend suits filed in the state court; and, that appellee was therefore not obligated to pay any judgments awarded therein.

We have repeatedly held, following state law of this Circuit, that a loss which is the natural and probable consequence of a negligent act is not "caused by accident", within the meaning of policies of this kind. See: Neale Construction Co. v. United States Fidelity & Guar. Co. (10 C.A.), 199 F.2d 591; Midland Const. Co. v. United States Cas. Co. (10 C.A.), 214 F.2d 665; Hutchinson Water Co. v. United States Fidelity & Guar. Co. (10 C.A.), 250 F.2d 892; and Albuquerque Gravel Prod. Co. v. American Emp. Ins. Co. (10 C.A.), 282 F.2d 218. At the same time, we have been careful to recognize that negligently caused loss may be accidental, within the meaning of the policy, if in fact an immediate or concurrent cause of the loss is an unprecedented or unforeseeable event. In these circumstances, the loss is not the natural and probable consequence of the negligent act, and is hence caused by accident. See: O'Rourke v. New Amsterdam Cas. Co., 68 N.M. 409, 362 P.2d 790; Iowa Mut. Ins. Co. v. Fred M. Simmons, Inc., 258 N.C. 69, 128 S.E.2d 19; Employers Ins. Co. of Ala., Inc. v. Alabama Roofing & Siding Co., 271 Ala. 394, 124 So.2d 261; Knight v. L. H. Bossier, Inc., La.App., 118 So.2d 700; Rex Roofing Co. v. Lumber Mut. Cas. Ins. Co., 280 App.Div. 665, 116 N.Y.S.2d 876; Bundy Tubing Co. v. Royal Indemnity Co., 6 Cir., 298 F.2d 151; and Cross v. Zurich General Accident & Liability Ins. Co., 7 Cir., 184 F.2d 609. And Cf. Midland Const. Co. v. United States Cas. Co., supra; Hutchinson Water Co. v. United States Fidelity & Guar. Co., supra; and Albuquerque Gravel Prod. Co. v. American Emp. Ins. Co., supra.

The critical question of unforeseeability usually rests in the realm of fact as, indeed, the trial court in this case recognized. The trial court apparently likened this case to Albuquerque

Gravel Prod. Co. v. American Emp. Ins. Co., supra, in which the insured's negligent construction of a loading ramp across the natural water course of an arroyo, diverted the flow of water onto adjoining premises, causing damages. We affirmed the trial court's judgment of noncoverage, based upon a finding that the negligently caused flooding was the natural and probable consequence of heavy rains, which were foreseeable by a prudent person. In the instant case, the trial court found in substance that although the heavy rainfall undoubtedly combined with the negligent operation of the pump at the lift station, to bring about the harmful sewage back up, the rainfall was not unusual or unprecedented for the Spring season of the year in this area. On this conclusive finding, the court correctly held that the asserted loss was not "caused by accident", within the meaning of the policy.

At the bar of this court, counsel for the appellant commendably conceded that his facts were indistinguishably similar to those of our case law, and has met the issue squarely by asking us to recede from our former decisions. But we are satisfied with the reasoning of our decisions in the context of applicable state law.

Appellant alternatively contends that the insurer waived all right of noncoverage after refusing to defend the state court litigation. But, we agree with the trial court that the insurer refused to defend without prejudice to the appellant. When it became apparent to the insurer that there was a coverage problem involved in the state litigation, reservation of right letters were forwarded to the insured. Later, notices of withdrawal and pertinent pleadings then contained in the file were sent to the insured. Clearly, appellant received timely notice of insurer's position, and had sufficient time to prepare a defense. There was no prejudicial reliance on the conduct of the insurer, and the judgment is affirmed.